UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WAYNE ROSE, :

               Plaintiff, :

      -against- : **MEMORANDUM AND ORDER**

NEW YORK CITY, DEPARTMENT OF HUMAN : 12 Civ. 1764 (GBD) (KNF)
RESOURCES, ANGELIA FERRELL, JOHN
DOES 1 thru 10, And THE STATE OF NEW :
YORK,
                                               :

               Defendants.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      Before the Court is the plaintiff's motion for: (1) an order "holding defendants HRA-HASA and Angelia Ferrell in contempt of court in attempting to obtain discovery of documents thru outside channels (not thru proper discovery) and harassing a key witness of plaintiff"; (2) "issuing a cease and desist Order"; (3) "directing a reprimand letter to the 2nd Dept. against defendants counsel"; and (4) "awarding the plaintiff $500.00 in sanctions for the necessity of this motion." The plaintiff contends that, on May 8, 2012, he "was advised by his landlord, a witness in the within action that she was contacted EX-PARTE by the defendants attorney as well as an agent in the defendant FERRELL's office requesting that she provide them with information and documents." Attached to the plaintiff's motion is Exhibit A, containing an e-mail message from the defendants' attorney stating:

> Good Morning Ms. Gross,
> I am an attorney with the City of New York Human Resources [A]dministration. I will be appearing tomorrow morning on Mr. Rose's case and wanted to touch base with you to discuss the matter as I see that he forwarded an email he sent you to my client. I would really appreciate your input so that I have a better understanding about what exactly is going on. I can be reached at this email or [phone number]. Thank you.

1

Exhibit A also contains, inter alia, the plaintiff's e-mail message to the defendants' attorney, asking, in pertinent part, the defendants' attorney "to cease and desist any and all communications outside the scope of proper discovery demands." According to the plaintiff, his request "to cease and desist any and all ex-parte communications with the plaintiff's witness [was] simply ignored." The plaintiff asks the Court "to direct a letter to the Second Department Disciplinary Committee endorsing the plaintiff's complaint against defendants counsel and suggest a three month suspension on the defendants counsel for this outrageous conduct."

The defendants oppose the plaintiff's motion. They contend it is baseless because "there does not exist a Court Order either presently or at the time [the defendants' attorney] allegedly sent this email to plaintiff's landlord," the violation of which "is a prerequisite to any finding of civil contempt." Moreover, no rule of procedure or professional conduct prohibits counsel from sending an e-mail message to the plaintiff's landlord.

*Legal Standard*

In a case where the parties have not consented to having a magistrate judge conduct all proceedings, if an act is performed that

> constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. § 636(e)(6)(B)(iii).

"In certifying the facts under Section 636(e), the magistrate judge's role is to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." Hunter TBA, Inc. v. Triple V Sales, 250 F.R.D. 116, 118 (E.D.N.Y. 2008). A contempt order "is inappropriate if 'there is a fair ground of doubt as to the wrongfulness of the defendant's

2

conduct.'" Latino Officers Ass'n City of New York v. City of New York, 558 F.3d 159, 164 (2d Cir. 2009) (quoting Cal. Artificial Stone Paving Co. v. Molitor, 113 U.S. 609, 618, 5 S. Ct. 618, 622 (1885)). A court may only hold a person "in contempt for violation of a court order when 'the order violated by the contemnor is clear and unambiguous, the proof of non-compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply.'" Southern New England Tel. Co. v. Global Naps Inc., 624 F.3d 123, 145 (2d Cir. 2010) (citation omitted).

*Application of Legal Standard*

The plaintiff does not contend that an order exists that was violated by the defendants, and the record does not show that any order exists which was violated by the defendants. Upon review of the plaintiff's motion, the Court finds that no evidence exists sufficient to establish a prima facie case of contempt. The e-mail message defendants' counsel sent to the plaintiff's landlord, in which counsel expressed his desire to investigate "what exactly is going on," is neither an act constituting civil contempt nor misconduct. Consequently, no facts exist to be certified to the assigned district judge.

*Conclusion*

For the foregoing reasons, the Court declines to issue a certification of facts to the assigned district judge when none is warranted. This memorandum and order resolves the motion reflected at Docket Entry No. 11.

Dated: New York, New York  
January 4, 2013

SO ORDERED:

*Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Wayne Rose

3